FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

SEP 17 2020

BY_____
DEPUTY

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JESSICA RADCLIFF, individually and as mother and next friend of C.R., a minor, ) ) ) ) Plaintiff, ) ) vs. ) WAL-MART STORES EAST, L.P., ) ) Defendant. ) | Case No. CJ-2020- 460<br><br>Case assigned to:<br>Judge: PAUL HESSE |

## PETITION

COMES NOW Plaintiff, Jessica Radcliff, individually and as mother and next friend of C.R., a minor, and for her causes of action against the above named Defendant, Wal-Mart Stores East, L.P., alleges and states as follows:

1.    Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") owns and operates a supercenter retail store in Yukon, Oklahoma identified as store number 221.

2.    Wal-Mart must operate store number 221 in a safe condition for its intended use by customers.

3.    Wal--Mart must maintain store no. 221 in a safe condition for its intended use by customers.

4.    Wal-Mart must routinely inspect store no. 221 to identifying conditions that could be dangerous to its customers.

5.    Wal-Mart must warn customers at store no. 221 of any known dangerous conditions at its store that could cause injury to a customer.

6.    Wal-Mart has a responsibility to warn customers of dangerous conditions at store no 221 that it reasonably should have known about and that could cause injury to customers.

EXHIBIT 2

6. Wal-Mart must avoid creating dangerous conditions at store no. 221 that could cause injury to customers.

7. Wal-Mart must reasonably protect customers from dangerous conditions created by Wal-Mart at store no. 221.

8. On or about November 3, 2018, Plaintiff was a customer at Wal-Mart's store no. 221.

9. While Plaintiff was shopping, C.R., the minor, was struck by an "inventory" cart being pushed by a Wal-Mart associate.

10. Plaintiff was not aware of the presence of the "inventory" cart.

11. The Wal-Mart associate failed to pay attention and avoid contact with Plaintiff's minor daughter.

12. The Wal-Mart associate that struck Plaintiff's minor daughter with the cart was negligent in his actions.

13. The inattentive associate constituted a dangerous condition created by Wal-Mart.

14. Wal-Mart was negligent in one or more the following ways as it related to Plaintiff's minor daughter being struck by the cart:

   i. Failing to warn about the dangerous condition created by Wal-Mart;

   ii. Failing to maintain its premise in a reasonably safe condition; and

   iii. Failing to operate its store in a reasonably safe condition.

15. The associate who struck Plaintiff's minor daughter with the cart was acting in the course and scope of his employment with Wal-Mart.

16. Wal-Mart is liable for the acts and omission of its associate who struck Plaintiff's

minor daughter with the cart under theory of respondeat superior.

17. As a direct result of Wal-Mart's negligent conduct and vicarious liability, Plaintiff' minor daughter was injured and has suffered pain of body and mind, both permanent and temporary in nature.

18. As a direct result of Wal-Mart's negligent conduct and vicarious liability, Plaintiff incurred medical expenses for treatment to her daughter and could incur future medical expense for treatment.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, in addition to judgment interest, costs, attorney fees, and all other relief available to Plaintiffs or otherwise deemed just and equitable by this Court.

Respectfully submitted,

MARTIN JEAN & JACKSON

By: _____
Scott R. Jackson, OBA # 17502
P.O. Box 2403
Ponca City, OK 74602
(580) 765-9967 Telephone
(580) 765-5433 Facsimile
sjackson@mjjlawfirm.com

**ATTORNEY LIEN CLAIMED**

# IN THE DISTRICT COURT OF CANADIAN COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| JESSICA RADCLIFF, individually and as mother and next friend of C.R., a minor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CJ-2020-460 |
| WAL-MART STORES EAST, L.P., | )<br>)<br>) |
| Defendant. | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Oklahoma's Discovery Code, 12 O.S. § 3233, Defendant is hereby requested and required to make full, fair and complete answers in DOCUMENT and under oath to the following questions. Defendant's answers to these questions must be served on Plaintiff within thirty (30) days after service of the Interrogatories. However, Defendant may serve answers on Plaintiff within forty-five (45) days after service of summons and complaint upon the Defendant.

## DEFINITIONS

The following definitions are provided to Defendant in an effort to facilitate the reading of the Interrogatories submitted to Defendant and further explain the scope of each Interrogatory and the information being requested.

1. "CUSTODIAN" refers to the PERSON having possession, custody or control of any DOCUMENT or other physical evidence.

2. "ESI" refers to electronically stored information which means information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.

3. "IDENTIFY" means to describe a DOCUMENT with such particularity as YOU would require in a motion to produce or issuance of a subpoena duces tecum, or to provide the full name, current address and current telephone number of a PERSON.

4. "INCIDENT" refers to the accident, event or occurrence which is the subject of the Plaintiff's allegations stated in Plaintiff's Petition or any amendments to the initial Petition. Specifically, the event at issue in this case is Plaintiff's incident at Store #221 on November 3, 2018.

5. "INVESTIGATION" refers to an examination, review, search and/or analysis by either governmental or non-governmental entities of the facts and circumstances surrounding the INCIDENT.

6.  "PERSON" means a natural person, corporation, association, partnership, sole proprietorship, or public entity.

7.  "YOU" or "YOUR" includes Defendant, its agents, employees, attorneys, investigators and all others acting on behalf of Defendant, including Defendant's insurance companies, their employees, agents and officers.

8.  "DOCUMENTS" means any and all handwritten material, typewritten material, printed material, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings and other data compilations, together with any form of communication or other representation which would constitute a document within the meaning of the Oklahoma Discovery Code.

## INSTRUCTIONS

1.  In responding to these Interrogatories, you are required to furnish such information as is available to you, your agents, or employees, including attorneys and investigators, or that is contained in records or documents in your or their possession, custody, or control.

2.  Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered Interrogatory.

3.  These Interrogatories shall be deemed continuing pursuant to Section 3226 (E) of the Oklahoma Discovery Code to require additional answers if the Defendant, et al., acquires additional information between the time the answers shall be served and the time of trial. Such additional answers shall be served reasonably, but not later than forty-five (45) days after such further information is received.

4.  Wherever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the feminine and the feminine shall be deemed to include the masculine, the disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the functional words.

5.  Pursuant to 12 O.S. §3226(B)(5)(a), if any documents, communications, or things requested by Plaintiff to either be identified, produced, or described is withheld by claiming it is privileged or subject to protection as trial preparation material, defendant must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including:

(a) A detailed statement of your objection;

(b) A statement providing the general subject matter of the document(s), communication(s),

2

or thing(s).

(c) If a communication, provide the name, address, telephone number, and place of employment of all persons present at the time of such communication.

(d) If a communication, state the date such communication was made, the name of the recipient to such communication, and the location where such communication was had.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify Defendant with the following information:
a) Full legal name;
b) State where partnership was created;
c) Date of partnership creation;
d) principal place of business for partnership and business address; and
e) full names of partners.

**INTERROGATORY NO. 2:** IDENTIFY each PERSON who assisted Defendant's counsel in answering these Interrogatories, or provided information to be used in answering these Interrogatories.

**INTERROGATORY NO. 3:** IDENTIFY each PERSON known by Defendant to have knowledge of any fact relevant to the INCIDENT. Include in YOUR answer a description of the facts each PERSON is believed to have knowledge of concerning the INCIDENT.

**INTERROGATORY NO. 4:** IDENTIFY each PERSON known by Defendant to have knowledge of any fact relevant to the injuries Plaintiff claims were suffered as a result of the INCIDENT. Include in YOUR answer a description of the facts each PERSON is believed to have knowledge of concerning the injuries.

**INTERROGATORY NO. 5:** IDENTIFY each PERSON known by Defendant that made or gave any statement or report, oral, written or otherwise, concerning this incident, or concerning any fact relevant to any issue in this case. **(If a privilege to the identification of any statement is asserted, this response must comply with 12 O.S. § 3226(B)(5))**.

**INTERROGATORY NO. 6:** IDENTIFY each PERSON who performed or conducted an INVESTIGATION of the INCIDENT.

**INTERROGATORY NO. 7:** For each INVESTIGATION of the INCIDENT known by YOU, please state when each INVESTIGATION began, when it was concluded and the PERSON(S) responsible for handling and supervising the INVESTIGATION.

**INTERROGATORY NO. 8:** IDENTIFY each DOCUMENT known by Defendant that was created or originated as a result of all INVESTIGATIONS of the INCIDENT. As part of YOUR answer, IDENTIFY the CUSTODIAN for each DOCUMENT.

3

**INTERROGATORY NO. 9:** IDENTIFY each photograph or video known to Defendant depicting the location of the INCIDENT regardless of whether the photograph or video was taken before, at the time of, or after the INCIDENT. In YOUR answer, IDENTIFY the CUSTODIAN for each photograph or video identified.

**INTERROGATORY NO. 10**: State the name, address and title of all persons Defendant anticipates will testify as an expert witness at trial. For each expert witness identified, state the following, pursuant to 12 O.S. § 3226 (B)(4)(a)(3):

(a) The subject matter on which each expert witness is expected to testify,
(b) The substance of facts and opinions to which the expert is expected to testify
(c) A summary of the grounds for each opinion;
(d) The qualifications of each expert witness;
(e) A list of all publications authored by the expert witness within the preceding ten (10) years;
(f) The compensation paid or to be paid to the expert witness for the testimony and preparation for the testimony; and
(g) A listing of all other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**INTERROGATORY NO. 11**: IDENTIFY each DOCUMENT, all "ESI" and other information, that has been provided to each expert witness identified in response to Interrogatory No. 11, regardless of whether or not the expert witness relied upon the information in forming her opinions or testimony for this case. (**If these documents have been or will be listed by the expert in an expert report, Defendant's response identifying that report as a complete list of all documents provided is sufficient**).

**INTERROGATORY NO. 12:** IDENTIFY each insurance policy that may satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. Please include in your answer the following information for each policy:

a) Name of insurer;
b) Name of insured;
c) Policy number;
d) Type or description of insurance; and
e) Financial amount of the insurance coverage.

**INTERROGATORY NO. 13**: State with specificity YOUR determination, explanation or opinion for the cause or causes of the INCIDENT.

**INTERROGATORY NO. 14**: If YOU allege that Plaintiff's own negligence is wholly or partially the cause of Plaintiff's injuries, describe and explain Plaintiff's actions or inactions YOU believe support the allegation.

**INTERROGATORY NO. 15:** If YOU allege that Plaintiff's injuries were caused by the acts or omissions of third parties over whom YOU had no control, IDENTIFY each PERSON who

4

is a third party that allegedly caused Plaintiff's injuries and describe with specificity the acts or omissions by the third party that caused Plaintiff's injuries.

**INTERROGATORY NO. 16:** State whether YOU contend Plaintiff suffered from a pre-existing medical condition or injury that caused, in full or in part, Plaintiff's alleged injuries and symptoms? If so, please IDENTIFY each alleged pre-existing condition or injury.

**INTERROGATORY NO. 17:** IDENTIFY each PERSON or business you have asked, or intend to ask, to produce medical information using a written authorization for the limited release of medical information provided by Plaintiff.

**INTERROGATORY NO. 18:** Did YOU provide any warning to Plaintiff or other customers about the liquid on the floor that Plaintiff stepped in prior to her fall? If so, please IDENTIFY the warning given and each PERSON who gave a warning either verbally or by placing a warning sign near the liquid.

**INTERROGATORY NO. 19:** Were YOU informed or advised about the liquid on the floor that Plaintiff stepped in prior to her fall? If so, please IDENTIFY each PERSON who informed or advised YOU, the information given to YOU about the liquid on the floor and the PERSON(S) who received the information.

**INTERROGATORY NO. 20:** IDENTIFY the general manager for the store where this INCIDENT happened at the time of the INCIDENT.

**INTERROGATORY NO. 21:** IDENTIFY the senior manager that was at the store at the time of the INCIDENT. Please include the PERSON's full name, last known contact information and job title on the day of the INCIDENT.

Respectfully submitted,

MARTIN JEAN & JACKSON

By: _____
Scott R. Jackson, OBA # 17502
P.O. Box 2403
Ponca City, OK 74602
(580) 765-9967 Telephone
(580) 765-5433 Facsimile
sjackson@mjjlawfirm.com

5

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JESSICA RADCLIFF, individually and as mother and next friend of C.R., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, L.P.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  CJ-2020-460<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Oklahoma's Discovery Code, 12 O.S. § 3234, Defendant is hereby requested and required to produce and permit Plaintiff to inspect, copy, test, and sample the designated documents and electronically stored information - including, but not limited to, writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, records and other data compilations from which information can be obtained - translated, if necessary, by the respondent through detection devices into reasonably usable form, or to inspect and copy, test or sample any tangible things which constitute or contain matters within the scope of 12 O.S. § 3226(B), and which are in the possession, custody or control of the party upon whom the request is served; or to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereon, within the scope of 12 O.S. § 3226(B).

Defendant shall serve a written response to each request for production within thirty (30) days after service of these requests, except that a defendant may serve a response within forty-five (45) days after service of summons and petition upon that defendant.

These requests are intended to ascertain information and requires that Defendant make a complete search of all records and evidence at the disposal or in the possession of itself, its agents, investigators, servants, employees, attorneys, and accountants, and that those are contained in the records or other materials in Defendant's custody, control, or available to you or them.

These requests shall be considered continuing, and should the documents available or discovered pursuant to said request change before trial of this action, you are requested to advise this Plaintiff's counsel of the additional documents which are discovered and copies of said documents shall be produced to Plaintiff's counsel.

## DEFINITIONS

The following definitions are provided to Defendant in an effort to facilitate the reading of

the Interrogatories submitted to Defendant and further explain the scope of each Interrogatory and the information being requested.

1.      "CUSTODIAN" refers to the PERSON having possession, custody or control of any DOCUMENT or other physical evidence.

2.      "ESI" refers to electronically stored information which means information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.

3.      "IDENTIFY" means to describe a DOCUMENT with such particularity as YOU would require in a motion to produce or issuance of a subpoena duces tecum, or to provide the full name, current address and current telephone number of a PERSON.

4.      "INCIDENT" refers to the accident, event or occurrence which is the subject of the Plaintiff's allegations stated in Plaintiff's Petition or any amendments to the initial Petition. <u>Specifically, the event at issue in this case is Plaintiff's incident at Store #221 on November 3, 2018.</u>

5.      "INVESTIGATION" refers to an examination, review, search and/or analysis by either governmental or non-governmental entities of the facts and circumstances surrounding the INCIDENT.

6.      "PERSON" means a natural person, corporation, association, partnership, sole proprietorship, or public entity.

7.      "YOU" or "YOUR" includes Defendant, its agents, employees, attorneys, investigators and all others acting on behalf of Defendant, including Defendant's insurance companies, their employees, agents and officers.

8.      "DOCUMENTS" means any and all handwritten material, typewritten material, printed material, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings and other data compilations, together with any form of communication or other representation which would constitute a document within the meaning of the Oklahoma Discovery Code.

## INSTRUCTIONS

1.      In responding to these Requests, you are required to produce those documents and things available to you, your agents, or employees, including attorneys and investigators, or that is contained in records or documents in your or their possession, custody, or control.

2.      Pursuant to 12 O.S. § 3226(E)(2), Defendant must supplement or correct any responses to these Requests for Production in a timely manner if Defendant learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

3.  Wherever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the feminine and the feminine shall be deemed to include the masculine, the disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the functional words.

4.  Pursuant to 12 O.S. § 3226(B)(5)(a), if any documents, communications, or things requested by Plaintiff to either be identified, produced, or described is withheld by claiming it is privileged or subject to protection as trial preparation material, defendant must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including:

   (a)  A detailed statement of your objection;

   (b)  A statement providing the general subject matter of the document(s), communication(s), or thing(s).

   (c)  If a communication, provide the name, address, telephone number, and place of employment of all persons present at the time of such communication.

   (d)  If a communication, state the date such communication was made, the name of the recipient to such communication, and the location where such communication was had.

5.  In lieu of producing the requested documents and things at a stated time, place for copying, inspection, testing or sampling, Defendant may produce copies of the requested documents, items or category of items by mailing the same to the attention of Plaintiff's counsel.

6.  If any of the following requests for production of documents or things requires production for purposes of inspection, testing, sampling or copying, the request will expressly state that intention and specify a reasonable time, place and manner of making the inspection or performing the related acts.

7.  The production of all electronically stored information shall be done in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable, unless requested otherwise by Plaintiff in the written request.

8.  Defendant shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce copies of any written statements, recording or summaries of interviews concerning this incident, or concerning any fact relevant to any issue in this case that YOU or YOUR representatives have obtained or are in YOUR possession. This request includes each statement identified in response to Plaintiff's Interrogatory No. 6. (If a privilege to the production of any statement responsive to this request is asserted, this response must comply 12

3

O.S. § 3226(B)(5)(a)).

**REQUEST NO. 2:**   Produce color copies of photographs, videos and images YOU retained or created in YOUR efforts to investigate and document the INCIDENT.

**REQUEST NO. 3:**   Produce color copies of photographs, videos and images depicting the location of the INCIDENT, including those DOCUMENTS identified in YOUR response to Plaintiff's Interrogatory No. 9.

**REQUEST NO. 4:**   Produce each DOCUMENT created or obtained through any INVESTIGATION of the INCIDENT.  This request pertains to those INVESTIGATIONS and DOCUMENTS identified in YOUR responses to Plaintiff's Interrogatory Nos. 6 & 8. (If any documents are alleged to be privileged, please identify according to 12 O.S. § 3226(B)(5)(a) or in a privilege log).

**REQUEST NO. 5:**   Produce each DOCUMENT, "ESI" and other information identified by YOU in response to Plaintiff's Interrogatory No. 11.

**REQUEST NO. 6:**   Produce each insurance policy identified by YOU in response to Plaintiff's Interrogatory No. 12, including a copy of the declarations page for each policy.

**REQUEST NO. 7:**   Produce each DOCUMENT, "ESI" and other information in your possession that YOU rely upon to substantiate or support your response to Plaintiff's Interrogatory No. 13.

**REQUEST NO. 8:**   Produce each DOCUMENT, "ESI" and other information in your possession that YOU rely upon to substantiate or support your allegation of Plaintiff's comparative or contributory negligence.

**REQUEST NO. 9:**   Produce each DOCUMENT, "ESI" and other information in your possession that YOU rely upon to substantiate or support your allegation of that Plaintiff's injuries were caused by the acts or omissions of third parties not named as parties in this litigation.

**REQUEST NO. 10:**   Produce each DOCUMENT, "ESI" and other information in your possession that YOU rely upon to substantiate or support your allegation that Plaintiff suffered from a pre-existing medical condition or injury that caused, wholly or partially, Plaintiff's alleged injuries and symptoms in this litigation.

**REQUEST NO. 11:**   Produce a copy of all of Plaintiff's medical information in YOUR possession or the possession of YOUR counsel or representative. This request includes medical information obtained using the *Authority to Release Limited Specific Protected Health Information* document provided by Plaintiff, and medical records obtained without the use of the authorization. (YOU are asked to supplement this response in the event YOU obtain medical information about Plaintiff during the pendency of this litigation).

**REQUEST NO. 12:**   Produce any DOCUMENT to include a report, correspondence,

written summary or "ESI" received from each expert witness YOU identified in response to Plaintiff's Interrogatory No. 10.

**REQUEST NO. 13:** Produce all exhibits you intend to use at the time of trial.

**REQUEST NO. 14:** Produce YOUR policies and procedures in effect at the time of the INCIDENT relevant to how floors in YOUR stores are inspected during business hours.

**REQUEST NO. 15:** Produce YOUR policies and procedures in effect at the time of the INCIDENT relevant to how a spill on the floor should be handled upon notice to the store.

**REQUEST NO. 16:** Produce all internal communications sent to store #221 between February 3, 2018 and November 17, 2018 relevant to practices and procedures for inspecting the premises and attempts to identify hazards in and around the store.

**These Requests shall be deemed continuing so as to require Supplemental Answers if Defendant obtains additional information, up to and including the date of the trial.**

Respectfully submitted,

MARTIN JEAN & JACKSON

By: _____
Scott R. Jackson, OBA # 17502
P.O. Box 2403
Ponca City, OK 74602
(580) 765-9967 Telephone
(580) 765-5433 Facsimile
sjackson@mjjlawfirm.com

5